UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CALLIE BURKE, | |
| Plaintiff, | |
| v. | Case No. 3:25-CV-286-CCB-AZ |
| MATTHEW BROWN, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is a motion to dismiss filed by Defendant Matthew Brown, Director of the Indiana State Personnel Department. Plaintiff Callie Burke has filed suit against Defendant in his official capacity, alleging that her employment termination violated the Due Process and Equal Protection clauses of the United States Constitution, and requesting relief in the form of a declaratory judgment. Defendant argues that this case is barred from federal district court review under the *Rooker-Feldman* doctrine, while Plaintiff responds that this case should be stayed pending the appeal of a state trial court's order.

### BACKGROUND

On May 31, 2016, Plaintiff Callie Burke began working for the Indiana State Prison under the Indiana Department of Corrections ("IDOC"). (ECF 10 at 2, ¶ 7). Beginning in November of that year, Plaintiff worked as a Correctional Police Officer and Investigator within the Prison's Investigations and Intelligence Department. (*Id.*).

Around December 2020, Plaintiff alleges that she began receiving phone calls from a prison informant who appeared to be using an unauthorized cellphone. (ECF 10 at 2, ¶ 8). She alleges that she informed her supervisors of these communications, and was told that they were both valuable and fairly routine, despite the informant's violation of prison rules regarding cellphone use. (*Id.*). Plaintiff alleges that these communications continued until May 2021, when the informant's cellphone was confiscated during a facility shakedown. (*Id.* ¶ 9). A year later, the informant resumed communications. (*Id.*).

Plaintiff alleges that she reported the details of all these conversations to her supervisors, and that the information that she obtained was used to assist both outside law enforcement and prison security, resulting in the prevention of a potentially lethal inmate "hit" on at least one occasion. (*Id.* at 3, ¶ 9).

On March 30, 2023, Plaintiff was interviewed by two IDOC officials. (*Id.* ¶ 10). She alleges that the officials took exception to the informant's possession of a contraband cellphone and asked Plaintiff to explain why she had not filed forms requesting use of a confidential informant. (*Id.*). Shortly thereafter, she was terminated from IDOC. (*Id.* ¶ 11). Plaintiff alleges that she had no opportunity to participate in a hearing, present evidence, or test the sufficiency of IDOC's reasons for firing her. (*Id.*).

On June 7, 2023, Plaintiff filed a complaint with the Indiana State Employee Appeals Commission ("SEAC"). (*Id.* ¶ 12). SEAC denied her relief, explaining that she was not entitled to a due process hearing because she was "unclassified" under the

2

Indiana Civil Service System Statute ("Employment Statute"), and thus considered an at-will employee. (*Id.*).

Plaintiff appealed that decision to the LaPorte County, Indiana Circuit Court. (ECF 26-1)[1]. In her appeal, she argued that SEAC's dismissal of her complaint was improper, because the Employment Statute was not clear as to which employees were at-will and which were not. (*Id.* at 8). She also argued that the Employment Statute violated the Indiana Constitution by impermissibly containing legislation on multiple subjects. (*Id.* at 8–10). However, the court dismissed her pleading on the grounds that she had not timely filed the agency record. (ECF 38-2 at 4, ¶ 5–8). She has appealed this decision to the Indiana Court of Appeals. (ECF 38-3).

On June 10, 2025, Plaintiff filed an amended complaint[2] in this Court, suing Matthew Brown, the Director of the Indiana State Personnel Department, in his official capacity and requesting a declaratory judgment stating that her termination violated substantive and procedural due process as well as equal protection under the Fourteenth Amendment of the United States Constitution, and that she is entitled to a post-termination due process hearing. (ECF 10).

---

[1] The Court finds that it is appropriate to take judicial notice of the relevant state court dockets in this case under Federal Rule of Evidence 201. "A court may consider judicially noticed documents without converting the motion to dismiss into a motion for summary judgment." *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

[2] In her initial complaint, Plaintiff also listed the Indiana State Personnel Department and the State Employee Appeals Commission as Defendants. However, these parties were dropped in her amended complaint filed on June 10, 2025.

## ANALYSIS

Defendant has moved to dismiss Plaintiff's claim on the grounds that it is barred by the *Rooker-Feldman* doctrine because Plaintiff previously sort forth the same claims in a state case.[3] (ECF 23, 24). In her reply brief, Plaintiff denies that *Rooker-Feldman* applies, but has requested a stay pending her appeal of the state lower court decision (ECF 26). This Court will address these issues in turn.

### A. Whether *Rooker-Feldman* Applies

The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284–85 (2005). When evaluating whether *Rooker-Feldman* applies, courts must "remember that the crucial point is whether 'the district court is in essence being called upon to review the state-court decision.'" *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (quoting *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 483–84 n.16 (1983).

---

[3] Defendant also argues that (1) Plaintiff is not entitled to monetary damages under 28 U.S.C. § 1983 and (2) that Plaintiff does not have a due process right to her employment. However, because this Court has determined that a stay is appropriate, the Court declines to address these issues at present, and only addresses Defendant's *Rooker-Feldman* argument.

4

*Rooker-Feldman* applies when a plaintiff has previously brought a similar claim to a state court proceeding that is both final and on the merits. *See Parker v. Lyons*, 757 F.3d 701, 706 (7th Cir. 2014) (holding that *Rooker-Feldman* does not apply without a "final resolution in the state system"), overruled on other grounds, *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 402 (2023); *Hemmer v. Indiana St. Bd. of Animal Health*, 532 F.3d 610, 614 (7th Cir. 2008) (holding that *Rooker-Feldman* does not apply when "there was no decision on the merits"). If they have, then courts apply a two-step analysis to determine whether the *Rooker-Feldman* doctrine bars jurisdiction. *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021).

First, courts consider whether a plaintiff's claims are either effectively direct challenges or are "inextricably intertwined" with the state court judgment, rather than being "independent." *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019). Second, courts determine whether "the plaintiff had a reasonable opportunity to raise the issue in state court proceedings." *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). If a plaintiff did have a reasonable opportunity to raise the issue, then the claim is barred. *Id.*

Here, *Rooker-Feldman* does not apply because the state court decision is neither final nor on the merits. The state court specifically stated in its opinion that it did not have jurisdiction over Plaintiff's claims due to her failure to timely file the certified agency record as required by Indiana court rules. (ECF 38-2 at 4, ¶ 5–8). The state court never reached the merits of Plaintiff's claim. Thus, this Court is not "in essence being

called upon to review the state-court decision," and *Rooker-Feldman* does not apply. *Feldman*, 460 U.S. at 483–84 n.16. The Seventh Circuit has explicitly stated that prior decisions in which the state court lacked jurisdiction do not pose a bar under *Rooker-Feldman*. *See Hemmer*, 532 F.3d at 614 ("[Plaintiff] could not obtain an adjudication of his claim in state court because the Indiana court ruled that they did not have the power to hear his case. Therefore, there was no decision on the merits that would cause the federal district court's ruling one way or the other to become 'inextricably intertwined' with a state court judgment.").

The state-court decision is also not final for purposes of *Rooker-Feldman*, because it is on an unresolved appeal, with oral argument having taken place on December 16, 2025. (ECF 38-4). *See Hadzi-Tanovic*, 62 F.4th at 403 (holding that when a plaintiff "had appealed the state court ruling, and his appeal was pending when he filed his federal lawsuit" then *Rooker-Feldman* does not apply).

B. **Whether a Stay is Appropriate**

However, even if her claims are not barred, Plaintiff has requested a stay under the *Pullman* abstention doctrine. (ECF 26 at 6).[4]

---

[4] In requesting a stay, Plaintiff did not follow Northern District of Indiana Local Rule 7-1's requirement that motions must be filed as separate documents. However, "[i]t is well established that [courts] may raise the doctrines of *Burford* and *Pullman* abstention sua sponte" when it is fit to do so. *Int'l Coll. of Surgeons v. City of Chicago*, 153 F.3d 356, 360 (7th Cir. 1998). Thus, Plaintiff's failure to file a separate motion as required by the local rules has no effect on this analysis.

"*Pullman* abstention is appropriate 'only when (1) there is a substantial uncertainty as to the meaning of the state law and (2) there exists a reasonable probability that the state court's clarification of state law might obviate the need for a federal constitutional ruling.' *Int'l Coll. of Surgeons v. City of Chicago,* 153 F.3d 356, 365 (7th Cir. 1998). The purpose of *Pullman* abstention is to 'avoid the waste of a tentative decision as well as the friction of a premature constitutional adjudication.' *R.R. Comm'n. of Texas v. Pullman Co.*, 312 U.S. 496, 500 (1941). The doctrine is based on considerations of comity and federalism and applies when 'the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law.' *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716–17 (1996)." *Wisconsin Right to Life State Pol. Action Comm. v. Barland*, 664 F.3d 139, 150 (7th Cir. 2011).

Here, Plaintiff's Constitutional claims revolve around an unresolved question of whether or not she had a property interest in her employment with IDOC as set out in Indiana's civil service classification framework. (ECF 10 at 6–9). Additionally, Plaintiff's state court petition alleges that the Employment Statute is unconstitutional under the Indiana State Constitution's "Single Subject Clause." (ECF 26-1 at 8–9).

Thus, this case involves unsettled questions of state law, the clarification of which could "obviate the need for a federal constitutional ruling" by this Court. *Barland*, 664 F.3d at 150 (quoting *Int'l Coll. of Surgeons*, 153 F.3d at 365). The Seventh Circuit has stated that it is exactly in cases like these, where there is a state appeal pending after a finding of lower court absence-of-jurisdiction, that "federal courts would have powerful

7

reasons to abstain until the state courts resolved the matter." *Hadzi-Tanovic*, 62 F.4th at 403.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss without prejudice and orders this case **STAYED** pending resolution of Plaintiff's state court appeal. (ECF 23).

SO ORDERED on December 19, 2025.

                                               /s/*Cristal C. Brisco*
                                               CRISTAL C. BRISCO, JUDGE
                                               UNITED STATES DISTRICT COURT